UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRISTAN GALLEGOS-VENZOR, (A 219-732-123),

Petitioner,

v.

MARKWAYNE MULLIN, et. al.,

Respondents.

No. 1:26-cv-04132-DC-CKD

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I. Factual and Procedural History**

Petitioner, a 23-year-old citizen of Mexico, entered the United States lawfully with a temporary visa in 2011, when he was seven years old. ECF No. 11-1; ECF No. 1 at 59. He graduated from high school in the U.S. and now has a U.S. citizen child. ECF No. 1 at 53, 61. He has applied for Deferred Action for Childhood Arrivals ("DACA") but his application has been pending with U.S. Citizenship and Immigration Services ("USCIS") since December 2020. Id. at 65-76

On February 21, 2026, Petitioner was arrested for driving while intoxicated. ECF No. 11-1. Pursuant to a detainer agreement with the state facility, U.S. Immigration and Customs

Enforcement ("ICE") agents encountered Petitioner that same day. ECF No. 11-1. On March 26, 2026, ICE detained Petitioner and initiated removal proceedings against him under INA § 237(a)(1)(B) (8 U.S.C. § 1227(a)(1)(B)) for remaining in the U.S. for a time longer than permitted. ECF No. 11-1; 11-2. Petitioner received a bond hearing before an Immigration Judge ("IJ") on April 1, 2026. ECF No. 11-7. The IJ denied bond, finding Petitioner to be a danger to the community and a flight risk. Id. Petitioner appealed the IJ's bond denial to the Board of Immigration Appeals, and the appeal remains pending. ECF No. 11-8.

Petitioner filed a petition for writ of habeas corpus on May 29, 2026. ECF No. 1. After appointment of counsel, Petitioner filed an amended petition arguing that mandatory detention under 8 U.S.C. § 1225(b)(2) would be unlawful and detention without a bond hearing violates his Fifth Amendment due process rights. ECF No. 9. In their response and motion to dismiss, Respondents clarified that Petitioner is detained under 8 U.S.C. § 1226(a), not § 1225(b)(2) and has received a bond hearing. ECF No. 11. Respondents argue that Petitioner's detention under § 1226(a) is lawful, that Petitioner has received due process, and that Petitioner has not exhausted his administrative remedies. Id.

## II. Legal Standards

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

### A. Exhaustion

In contrast to 28 U.S.C. § 2254, which requires habeas corpus petitioners in state custody to exhaust administrative remedies, § 2241 does not specifically require petitioners to exhaust direct appeals. Castro-Cortez v. INS, 239 F.3d 1037, 1047 n. 11 (9th Cir. 2001), abrogated on

other grounds by Fernandez-Vargas v. Gonzales, 548 U.S. 30 (2006)). The exhaustion requirement under § 2241 is therefore prudential rather than jurisdictional. Id. Courts may require exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review. Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted).

Where the Puga factors weigh in favor of requiring exhaustion, such requirement may be waived. The Ninth Circuit has found it appropriate to waive exhaustion where administrative remedies would be inadequate or pursuit of such would be futile, irreparable injury would result, or the petition poses a substantial constitutional question or issue separate from the administrative remedy itself. Laing v. Ashcroft, 370 F.3d 994, 998 (9th Cir. 2004).

**B. Relevant Statutory Immigration Framework**

"Where a [noncitizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

Under 8 U.S.C. § 1225, a noncitizen who arrives in the United States or is present in the U.S. but has not been admitted is treated as an applicant for admission. Jennings v. Rodriguez, 583 U.S. 281, 286 (2018). Noncitizens determined to be inadmissible under certain specific grounds are covered by § 1225(b)(1) and subject to expedited removal unless they demonstrate a credible fear of persecution. 8 U.S.C. § 1225(b)(1). All other applicants for admission not covered by § 1225(b)(1) fall under § 1225(b)(2). Those subject to § 1225(b)(2) "shall be detained" while placed in removal proceedings. 8 U.S.C. § 1225(b)(2)(A).

Noncitizens who are already present in the U.S. but are subject to removal proceedings may be detained pursuant to 8 U.S.C. § 1226(a). Unlike those detained under § 1225(b)(2), where detention is mandatory, those detained under § 1226(a) may be released on bond or conditional parole. 8 U.S.C. § 1226(a)(2).

**III. Analysis**

Petitioner's amended petition requests that this court declare that his detention is governed by 8 U.S.C. § 1226(a) and that detention under 8 U.S.C. § 1226(b)(2) is unlawful. ECF No. 9. This issue is moot. Respondents assert that Petitioner is detained under § 1226(a). The undersigned agrees that § 1226(a) is the correct and lawful detention authority here.

Petitioner claims that his detention violates his Fifth Amendment rights to both substantive and procedural due process. ECF No. 9. He claims his detention does not bear a reasonable relation to a non-punitive purpose and he has not been provided a pre-deprivation hearing. ECF No. 9. The law does not require a pre-deprivation hearing for detention under § 1226(a) but permits a post-deprivation bond hearing. 8 U.S.C. § 1226(a). Petitioner has received the process he is due – a bond hearing wherein he had the opportunity to demonstrate that his release would not pose a danger to the community or a flight risk. ECF No. 11-7.

Petitioner did not explicitly raise a challenge to the IJ's bond decision with this court; he did not acknowledge that he received one. Should Petitioner wish to challenge the adequacy of the bond hearing, he must first exhaust his administrative remedies. This court has previously found that the Puga factors strongly weigh in favor of requiring exhaustion when a petitioner requests review of an IJ's bond determination. Fernandez Vasquez v. Cruz, No. 1:26-CV-00476-DAD-EFB, 2026 WL 252055 (E.D. Cal. Jan. 30, 2026), citing Martinez v. Scott, No. 2:25-cv-01538-TSZ-GJL, 2025 WL 2689844 (W.D. Wash. Aug. 27, 2025) (finding that the Board of Immigration Appeals ("BIA") has the appropriate expertise to provide a complete record, relaxation of the requirement to appeal would encourage the deliberate bypass of the administrative scheme, and the BIA has the ability to correct any agency mistakes, eliminating the need for judicial review). Additionally, this court has previously found that none of the Laing exceptions apply when petitioners have requested review of an IJ's bond determination. Fernandez, 2026 WL 252055, citing Martinez, 2025 WL 2689844. Petitioner has appealed the IJ's bond decision and the matter remains pending with the BIA, therefore he has not yet exhausted his administrative remedies.

/ / /

## IV. Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondents' MOTION TO DISMISS (ECF No. 11) be GRANTED
2. Petitioner's PETITION FOR WRIT OF HABEAS CORPUS be DENIED

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 24, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3 gall4132.imm.fnr