UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRISTAN GALLEGOS-VENZOR (A 219-732-123),

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

No. 1:26-cv-04132-DC-CKD (HC)

ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS, DENYING MOTION TO DISMISS, AND GRANTING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS

(Doc. Nos. 9, 11, 12, 13, 15, 16, 17)

Petitioner, an immigration detainee prisoner proceeding through counsel, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 24, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. On September 14, 2026, Petitioner, proceeding *pro se*, filed untimely objections to the findings and recommendations.[1] (Doc. No. 14.)

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602

[1] The court will grant petitioner's motion to accept late filings of his objections. (Doc. No. 15.)

F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). The court has reviewed the file and will decline to adopt the magistrate judge's findings and recommendations.

Specifically, in the findings and recommendations the magistrate judge emphasizes that Petitioner lawfully entered the United States on a temporary visa in 2011, and that Respondents therefore agree with Petitioner's assertion that his detention is discretionary under 8 U.S.C. § 1226(a), not mandatory under 8 U.S.C. § 1225(b)(2). (Doc. No. 12 at 3.) The magistrate judge further emphasizes that § 1226(a) "does not require a pre-deprivation hearing . . . but permits a post-deprivation bond hearing," which Petitioner already received. (*Id.* at 4.) The magistrate judge notes that Petitioner "did not explicitly raise a challenge to the [immigration judge's] bond decision with this court," and that should he "wish to challenge the adequacy of the bond hearing, he must first exhaust his administrative remedies" through an appeal to the Board of Immigration Appeals. (*Id.*) Thus, the magistrate found that Petitioner had received the process to which he is entitled under § 1226(a) and recommended that Respondents' motion to dismiss be granted on this ground.

While it is true that § 1226(a) does not contain a statutory right to a pre-deprivation hearing, this court has previously found that where a "noncitizen builds a life in the United States after being granted entry pursuant to a visa—such that the government was not only aware of but *approved of* the noncitizen's initial presence in the country—that noncitizen develops a vested liberty interest in remaining free from detention when the government does not act to detain the noncitizen pursuant to 8 U.S.C. § 1227(a) and § 1226(a) within a reasonable time following the expiration of their nonimmigrant status." *Oliveira Tinoco v. Albarran*, No. 1:26-cv-05505-DC-CKD, 2026 WL 2949219, at *5 (E.D. Cal. Oct. 1, 2026). Here, it is not disputed that Petitioner entered the United States on a B-2 visa which expired on February 8, 2011. (Doc. No. 11-1 at 2.) Further, it is not disputed that Petitioner has a pending deferred action application such that Respondents were aware of Petitioner's continued presence in the United States following the expiration of his visa. *See Oliveira Tinoco*, 2026 WL 2949219, at *4 (emphasizing that the petitioner's "multiple immigration applications and numerous domestic flights make clear that

DHS had recurrent notice that Petitioner remained in the United States long after the expiration of her B-2 visa and corresponding status"). Accordingly, as in *Oliveira Tinoco*, the court here finds that due process requires Petitioner "to be provided with notice and a pre-deprivation bond hearing before a neutral arbiter prior to [his] detention" and that absent such a pre-deprivation hearing, "the proper relief . . . is to permanently enjoin and restrain Respondents from re-detaining Petitioner absent" notice and a pre-deprivation hearing and to "return Petitioner to the status quo ante litem," meaning his immediate release. *Id.* at *6.

Accordingly, IT IS HEREBY ORDERED that:

1. The court DECLINES to adopt the findings and recommendations (Doc. No. 12);
2. Petitioner's first amended petition for writ of habeas corpus (Doc. No. 9) is GRANTED as follows:
   a. Petitioner Tristan Gallegos-Venzor (A-219-732-123) shall be RELEASED IMMEDIATELY from Respondents' custody with the same conditions he was subject to immediately prior to his detention in March 2026. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;
   b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;
   c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;
   d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and
   e. This order does not address the circumstances in which Respondents may

detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

3. Petitioner's motion to accept late filing of his objections to the findings and recommendations (Doc. No. 15) is GRANTED

4. The remaining pending motions (Doc. Nos. 11, 13, 16, 17) are DENIED as having been rendered moot by this order;

5. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

6. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 16, 2026**

Dena Coggins
United States District Judge